UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
PRUDENCIO CORDOVA,                             :
                                               :
        Petitioner,                            :     Civ. No. 13-0165 (RBK)
                                               :
    v.                                         :     **OPINION**
                                               :
JORDAN HOLLINGSWORTH,                          :
                                               :
        Respondent.                            :
_____         :

**ROBERT B. KUGLER, U.S.D.J.**

## I.   INTRODUCTION

Petitioner is a federal inmate currently incarcerated at F.C.I. Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This Court previously administratively terminated this case due to petitioner's failure to pay the filing fee or submit an application to proceed *in forma pauperis*. Subsequently, petitioner paid the $5.00 filing fee. Therefore, the Clerk will be ordered to reopen this case. For the following reasons, the habeas petition will be summarily dismissed due to a lack of jurisdiction.

## II.  BACKGROUND

In April, 2003, the United States Coast Guard seized petitioner in foreign waters seventy-five miles from the coast of Panama. Petitioner was prosecuted in the United States District Court for the Middle District of Florida under the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. § 70501, *et seq.* Petitioner ultimately pled guilty and was sentenced to 151 months imprisonment in 2003. The United States Court of Appeals for the Eleventh Circuit affirmed the judgment in 2004. Thereafter, petitioner indicates that he filed a § 2255 motion that

1

was denied in the Middle District of Florida.  However, a review of the docket in the Middle District of Florida does not indicate that petitioner ever filed a § 2255 motion in that court.[1]  Instead, a review of that docket indicates that petitioner filed a motion to reduce his sentence pursuant to Federal Rule of Criminal Procedure 35(b)[2] in 2012 that the Middle District of Florida denied.

---

[1] The Court takes judicial notice of the docket in petitioner's criminal proceeding.  (*See* M.D. Fla. Crim. No. 03-0164.)  *See Manna v. Schultz*, Civ. No. 09-1185, 2009 WL 3415161, at *1 n. 2 (D.N.J. Oct. 20, 2009) (taking judicial notice of dockets of other federal cases related to habeas petition), *aff'd by*, 454 F. App'x 31 (3d Cir. 2010) (per curiam); *Jones v. Glover*, Civ. No. 09-3806, 2010 WL 398904, at *1 n. 2 (D.N.J. Jan. 27, 2010) (same); *see also Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

[2] Federal Rule of Criminal Procedure 35(b) states as follows:

> (1) In General.  Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.
> (2) Later Motion.  Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
>   (A) information not known to the defendant until one year or more after sentencing;
>   (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
>   (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.
> (3) Evaluating Substantial Assistance.  In evaluating whether the defendant has provided substantial assistance, the court may consider the defendant's presentence assistance.

Petitioner filed the instant habeas petition in this Court in January, 2013. He argues that the Middle District of Florida lacked jurisdiction to impose the sentence and that the actions he was convicted of are no longer criminal. Petitioner relies on a decision by the United States Court of Appeals for the Eleventh Circuit in *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012) to support his arguments. Petitioner contends that he cannot raise these issues in a § 2255 motion and is therefore seeking relief in this Court pursuant to § 2241.

### III.  DISCUSSION

A.  Standard for Sua Sponte Dismissal

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se*, his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("we construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

---

> (4) Below Statutory Minimum. When acting under Rule 35(b), the court may reduce the sentence to a level below the minimum sentence established by statute.

B. Jurisdiction

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). This is generally true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Section 2255(e) states that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A section 2255 motion is "inadequate or ineffective" which permits a petitioner to resort to a section 2241 petition "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful [sentence] claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* (citation omitted). Thus, "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id.* at 539 (citations omitted). "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id* (citing *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255

4

motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id*. The "safety valve," as stated in *Dorsainvil,* is a narrow one and has been held to apply in situations where the prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. *See Okereke*, 307 F.3d at 120 (citing *Dorsainvil*, 119 F.3d at 251).

Petitioner claims that he is imprisoned for conduct that the Eleventh Circuit has deemed non-criminal. In *Bellaizac-Hurtado*, 700 F.3d at 1258, the Eleventh Circuit vacated defendants' convictions under the MDLEA on direct appeal on the ground that Congress lacked power under the Offences Clause to proscribe drug trafficking in the territorial waters of another nation.[3]

The holding of *Bellaizac-Hurtado* does not apply in petitioner's case and will not be considered an intervening change in law making petitioner's crimes non-criminal. Petitioner admits in his petition that he was seized seventy-five miles from the Panamanian coast. The United States only recognizes a territorial sea of twelve (12) nautical miles. *See Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 441 n. 8 (1989) ("On December 28, 1988, the President announced that the United States would henceforth recognize a territorial sea of 12 nautical miles."); *see also United States v. McPhee*, 336 F.3d 1269, 1273 (11th Cir. 2003) ("The United States generally recognizes the territorial seas of foreign nations up to twelve nautical miles adjacent to recognized foreign coasts.") (citations omitted). Accordingly, as

---

[3] The United States had argued that the MDLEA, as applied to defendants who were drug trafficking in the territorial waters of another nation, is a constitutional exercise of the power granted to Congress "'[t]o define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations.'" *Bellaizac-Hurtado*, 700 F.3d at 1248 (quoting U.S. CONST. art. I, § 8, cl. 10).

petitioner was seventy-five miles out to sea, he was seized in international waters, not in the territorial waters of another country as were the defendants in *Bellaizac-Hurtado*.

Section 2255 is not an inadequate or ineffective remedy in this case. Petitioner fails to show that he falls within the "safety valve" which would give this Court jurisdiction over his petition. Indeed, several courts have dismissed habeas petitions where petitioners have relied on *Bellaizac-Hurtado*, but were apprehended in international waters, as opposed to territorial waters. *See Castillo v. Hollingsworth*, Civ. No. 12-7831, 2013 WL 1288196, at *3 (D.N.J. Mar. 26, 2013) (dismissing § 2241 petition where petitioner was apprehended fifty miles off of the coast of Panama because § 2255 is not an inadequate or ineffective remedy for petitioner's claim) (citing *Ortiz-Dominguez v. Hollingsworth*, Civ. No. 13-0025, 2013 WL 163284 (D.N.J. Jan. 11, 2013) (dismissing § 2241 petition raising *Bellaizac-Hurtado* claim where vessel was 34 miles off coast of Guatemala); *Paredes v. Hollingsorth*, Civ. No. 13-0531, 2013 WL 435969 (D.N.J. Feb. 4, 2013) (160 miles off coast of Columbia); *Pandales v. Hollingsworth*, Civ. No. 13-0841, 2013 WL 618204 (D.N.J. Feb. 19, 2013) (80 miles off coast of Guatemala)).

By filing this § 2241 petition, petitioner may be seeking to avoid the gatekeeping requirements of § 2255, including the applicable one-year statute of limitations. *See* 28 U.S.C. § 2255(f). This is not permitted for the reasons previously stated. Furthermore, as *Bellaizac-Hurtado* does not apply to petitioner's case because petitioner was seized in international waters, the Court finds that it is not in the interest of justice under 28 U.S.C. § 1631[4] to transfer this case to the Middle District of Florida so that it could be treated as a § 2255 motion.

---

[4] Section 1631 states that:

> Whenever a civil action is filed in this court as defined in section 610 or this title or an appeal . . . is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if in the interest of justice, transfer such action or

## IV.     CONCLUSION

For the reasons stated above, the Court lacks jurisdiction over the petition and it will be summarily dismissed.  An appropriate order will be entered.


DATED:   March 24, 2014

s/Robert B. Kugler<br>
ROBERT B. KUGLER<br>
United States District Judge

---

appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed[.]").

28 U.S.C. § 1631.